UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARKS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | No. 2:15-cv-0665 JAM DB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  This case is proceeding on petitioner's first amended petition filed September 14, 2015.  (ECF No. 8.)  Therein, petitioner claims ineffective assistance of his trial and appellate counsel, that the prosecution withheld evidence in violation of Brady v. Maryland, and that he was denied an opportunity to cross-examine the victim at trial in violation of the Confrontation Clause.  On November 24, 2015, respondent filed an answer to the petition and on December 11, 2015, petitioner filed a traverse.

Pending before the court are petitioner's motions for the appointment of counsel and for an evidentiary hearing.  (ECF Nos. 21, 24.)  Petitioner seeks the appointment of counsel due to the complexity of the issues in his case.  He moves for an evidentiary hearing based on his discovery of new evidence.

////

1   There currently exists no absolute right to appointment of counsel in habeas proceedings.
2   See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir.1996).  However, 18 U.S.C. § 3006A
3   authorizes the appointment of counsel at any stage of the case "if the interests of justice so
4   require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not
5   find that the interests of justice would be served by the appointment of counsel at the present
6   time.  Accordingly, petitioner's motion for appointment of counsel will be denied.

   Petitioner's motion for an evidentiary hearing is premature.  Under 28 U.S.C. § 2254(d),
   this court may not consider evidence which has not been presented to the state court when making
   a determination of whether the state court's adjudication of the claim "resulted in a decision that
   was contrary to, or involved an unreasonable application of, clearly established Federal law" or
   "resulted in a decision that was based on an unreasonable determinate of the facts."  See Cullen v.
   Pinholster, 563 U.S. 170, 182-83 (2011).  If, after considering the merits of petitioner's petition,
   the court finds petitioner has satisfied section 2254(d), then the court may consider a motion for
   an evidentiary hearing.  Accordingly, petitioner's motion for an evidentiary hearing will be
   denied as premature.

   For the foregoing reasons, IT IS HEREBY ORDERED as follows:

   1.  Petitioner's December 11, 2015 and August 8, 2016 Motions for Appointment of
       Counsel (ECF No. 21, 24) are denied without prejudice to a renewal of the motion at a
       later stage of the proceedings;
   2.  Petitioner's Motion for an Evidentiary Hearing (ECF No. 24) is denied without
       prejudice as premature.

Dated:  January 30, 2017

DLB:9
DLB1/prisoner-habeas/mark0665.evi hrg or

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE