1

2

3

4

5

6

7                                 UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10     MICHAEL MARKS,                                No.  2:15-cv-0665 JAM DB P

11                        Petitioner,

12            v.                                     FINDINGS AND RECOMMENDATIONS

13     SCOTT FRAUENHEIM,

14                        Respondent.

15

16            Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

17     writ of habeas corpus under 28 U.S.C. § 2254.  On August 11, 2017, this court issued findings

18     and recommendations in which the undersigned recommended denial of petitioner's petition for

19     writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 31.)  Petitioner was advised that if he

20     wished to file an appeal he should seek a certificate of appealability in his objections to the

21     findings and recommendations.

22            On August 20, 2017, petitioner filed objections to the findings and recommendations.

23     (ECF No. 32.)  On December 19, 2017, the district judge rejected petitioner's objections, adopted

24     the findings and recommendations, denied the petition for a writ of habeas corpus, and declined to

25     issue a certificate of appealability.  (ECF No. 33.)

26            Petitioner subsequently filed a request for a certificate of appealability.  (ECF No. 36.)

27     For the reasons set forth below, the court construes petitioner's motion as a Rule 59(e) motion to

28     amend the judgment and recommends denial of that motion.

## I. Legal Standards

To the extent that petitioner's filing constitutes a motion for reconsideration, a motion for reconsideration is treated as a motion to alter or amend the judgement under Federal Rule of Civil Procedure 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutricology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 998-99 (9th Cir. 2001). Because petitioner filed his motion within 28 days after the entry of judgment, his motion is treated as one under Rule 59(e).[1] See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "'extraordinary remedy which should be used sparingly.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curium)). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell, 197 F.3d at 1255 n.1). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

////

---

[1] Judgment was entered on December 19, 2017. (ECF No. 33.) Petitioner's proof of service shows that he placed his motion in the prison mail to be sent to this court on December 31, 2017. (ECF No. 36 at 6.) Prisoner filings are deemed "filed" on the date they are provided to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner provided his motion to officials for filing twelve days after entry of judgment. Accordingly, his motion falls within the time provisions of Rule 59(e).

## II.    Analysis

Petitioner argues a knife allegedly used during the crime was not DNA tested and he did not have a fair chance to show the jury that the victim lied. (ECF No. 36.) He claims the cumulative effect of all the mistakes made resulted in a wrongful conviction. Petitioner's motion primarily reargues the merits of his claim. Petitioner does not cite to newly discovered evidence or a change in the law. Nor does petitioner meet the remaining two bases for relief under Rule 59(d).

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999). Nor is a Rule 59(e) motion an appropriate vehicle to ask the court to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner shows neither an incorrect factual assumption or a clear error of law. He primarily does nothing more than reiterate the arguments he made in his petition (ECF No. 8) and his objections to the undersigned's findings and recommendations (ECF No. 32.).

Petitioner also does not show that a "manifest injustice" will result from this court's denial of a certificate of appealability. This district court considered, and rejected, issuance of a certificate of appealability previously. (See ECF No. at 33.) Petitioner's disagreement with the court's decision and restatement of allegations and arguments previously considered and rejected by the court do not warrant reconsideration of the judgment upon order adopting findings and recommendations in this proceeding.

## III.    Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for a certificate of appealability (ECF No. 36) be construed as a Rule 59(e) motion and be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be filed and served within seven days after service of the objections.  The parties

3   are advised that failure to file objections within the specified time may result in waiver of the

4   right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  July 30, 2018

6

7

8                                      DEBORAH BARNES
                                       UNITED STATES MAGISTRATE JUDGE
9

10  DLB:12
    DLB:1/Orders/Prisoner.Habeas/mark0665.recon
11